UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRK JA'ONG BOUIE, JR., | No. 2:18-cv-2040 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| OSCAR SMITH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that his case has some chance of success on the merits, he suffers from visual impairment, he receives mental health care, the issues in his case are complex, and he will require assistance at trial and with witnesses and investigation.  ECF No. 30 at 3-6.  The conditions plaintiff complains of are common to most prisoners and therefore fail to establish the necessary extraordinary circumstances to warrant appointment of counsel. Plaintiff has also, up to this point, demonstrated the ability to articulate his claims without assistance.  Furthermore, to the extent plaintiff bases his request on a need for counsel at trial, the request is premature because it has not yet been determined that this case will proceed to trial, and although plaintiff has sufficiently stated a claim to make it past the screening stage, the court is unable to assess his likelihood of success at this early stage.  Finally, the fact that plaintiff suffers from mental health conditions is not enough to establish exceptional circumstances warranting appointment of counsel.  If plaintiff chooses to file another motion for appointment of counsel, he should identify what conditions he suffers from, explain how his conditions prevent him from proceeding without assistance, and provide medical documentation supporting his claimed impairments and their effect on his functioning.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel, ECF No. 30, is DENIED.

DATED: February 2, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE