UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRK JAONG BOUIE, JR., | No. 2:18-cv-2040 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| OSCAR SMITH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed requests for a settlement conference, ECF No. 32, and appointment of an expert witness, ECF No. 33.

In regard to the request for a settlement conference, this case was referred to the court's Post-Screening ADR (Alternative Dispute Resolution) Project on October 14, 2020. ECF No. 21. However, counsel for defendants requested permission to opt out of the Project on December 15, 2020, ECF No. 25, and their request was granted, ECF No. 26. Plaintiff's request to set a settlement conference as part of the Post-Screening ADR Project will therefore be denied.

With respect to plaintiff's request for an expert witness, Federal Rule of Evidence 706 authorizes the appointment of a neutral expert witness, with expenses to be shared by the parties. The appointment of an independent expert witness pursuant to Rule 706 is within the court's discretion, Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th

Cir. 1999), and may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue," Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997) (citing Fed. R. Civ. P. 702).  However, the statute authorizing plaintiff's in forma pauperis status does not authorize the expenditure of public funds for expert witnesses, see 28 U.S.C. § 1915, and "'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress,'" Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (alteration in original) (citation omitted).  The federal courts have uniformly held that an indigent prisoner litigant must bear his own costs of litigation, including witnesses.  Id. (joining the Third, Sixth, Seventh, and Eighth Circuits in finding the in forma pauperis statute does not authorize waiver of fees or expenses for an indigent's witnesses).

In this case, plaintiff contends that an expert witness is necessary for the court to determine whether the injuries plaintiff sustained to his face and knees constitute evidence that defendants dragged him on his knees and ground his face on the gravel. ECF No. 33 at 1, 4-6.  It appears that plaintiff is seeking to have the court appoint an expert witness to advocate on his behalf, which is not authorized by Rule 706.  Even if plaintiff is truly seeking a neutral expert, the court does not find that the issues in this case are complicated such that the testimony of a neutral expert would be warranted, and the request is therefore denied.  To the extent the expenses of an expert retained on behalf of a prisoner litigant may be recovered if preauthorized and arranged by counsel appointed by this court's Pro Bono Panel, plaintiff has not demonstrated extraordinary circumstances to warrant appointment of counsel.  The court has already declined to appoint counsel to plaintiff for the reasons set forth in the February 3, 2021 order, ECF No. 31, and will decline to appoint counsel for the purpose of obtaining an expert witness.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a settlement conference as part of the Post-Screening ADR Project, ECF No. 32, is DENIED;

////

////

////

1   2.  Plaintiff's motion for appointment of an expert witness, ECF No. 33, is DENIED.

2   DATED: March 8, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE