UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRK JAONG BOUIE, JR., | No. 2:18-cv-2040 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| OSCAR SMITH, et al., | |
| Defendants. | |

      Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a request for judicial notice, ECF No. 37, and a motion for appointment of counsel, ECF No. 38.

      Plaintiff requests the court take judicial notice of a report from the Office of the Inspector General regarding conditions at High Desert State Prison. ECF No. 37. However, the request is not submitted in support of or opposition to any pending motion.[1] To the extent the report is intended as a supplemental attachment to the complaint, the complaint has already been screened and found to state a claim, making additional attachments unnecessary. The request for judicial notice will therefore be denied. Should plaintiff file a motion or other briefing which he seeks to

---

[1] The request was filed before defendants filed their motion for summary judgment, and the defendants' motion is based on plaintiff's alleged failure to exhaust administrative remedies, not the merits of his claims. ECF No. 41.

1

support with the Inspector General's report, he may request judicial notice of the report at that time.

Plaintiff has also filed another request for appointment of counsel. ECF No. 38. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In denying plaintiff's previous request, the court the court advised plaintiff that if he was requesting appointment of counsel based upon his mental health conditions, the fact that he suffered from those conditions was not sufficient to establish exceptional circumstances and he would have to identify the conditions he suffered from, explain how they prevented him from proceeding without counsel, and provide medical documentation to support his claimed impairments and their effect on his functioning. ECF No. 31 at 2. Plaintiff has now filed a request for counsel that alleges that he is visually impaired, which limits how long he can read at one time; it is difficult for him to comprehend what he is reading without assistance from other inmates; he is mentally incompetent; and he has been receiving assistance from other inmates up to this point. ECF No. 38 at 3-4. He attaches various medical records, declarations from other inmates, and a skills profile in support of his motion. Id. at 8-26.

Review of the medical records provided verifies that plaintiff is legally blind and has been diagnosed with various mental health conditions. Id. at 8-20. However, the records do not

support plaintiff's contention that he is unable to proceed without the assistance of counsel. A psychologist's note from January 25, 2021, states that "Bouie does not demonstrate functional impairments – He presents with linear and organized thought processes, works diligently on his legal case and corresponds with an attorney, has impeccably clean ADLs, and engages appropriately with peers and staff." Id. at 17. Additionally, the declarations provided by other inmates largely assert that they provide him assistance by reading documents for him and assist him with drafting and proofreading his documents, demonstrating that he is able to get the assistance he requires without counsel being appointed. Id. at 22-24.

The court further finds that the level of understanding exhibited by plaintiff in pursuing this case demonstrates that he can adequately represent himself. Plaintiff was able to successfully state a claim that survived screening, and in both the current and previous motion for counsel, as well as his requests for an expert witness and judicial notice, he presented a legal argument, supported it with allegations and an applicable rule, and cited some case law. ECF Nos. 30, 33, 37, 38. Although plaintiff's motions have not been successful, they demonstrate that he is capable of proceeding without the assistance of counsel. The court further notes that given the pending motion for summary judgment based on the failure to exhaust, it is not clear whether this case will proceed on the merits and the court is therefore unable to gauge plaintiff's likelihood of success on the merits at this time. Based on these factors, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for judicial notice, ECF No. 37, is DENIED without prejudice.

2. Plaintiff's motion for appointment of counsel, ECF No. 38, is DENIED.

DATED: March 24, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3