UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRK JAONG BOUIE, JR., | No. 2:18-cv-2040 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| OSCAR SMITH, et al., | |
| Defendants. | |

    Plaintiff has requested the appointment of counsel. ECF No. 70. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

    "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on the grounds that he is indigent, will require an expert and assistance serving subpoenas, and is vision impaired and receiving mental health treatment. ECF No. 70 at 1-3. He also asserts that his case has merit because defendants' motion for summary judgment was denied and an attorney would be better able to present his case at trial. Id. at 2-3. To the extent plaintiff bases his request upon the need for assistance at trial or in serving subpoenas, the motion is premature as it has not yet been determined whether this case will go to trial. Furthermore, defendants' motion for summary judgment was based on an alleged failure to exhaust administrative remedies, and therefore has no bearing on whether plaintiff will be successful on the merits. With respect to plaintiff's claimed impairments, the court has previously found that while plaintiff is legally blind and has been diagnosed with various mental health conditions, he has failed to provide evidence that he is unable to proceed without counsel. See ECF No. 44 at 2-3. The court further found that

> the level of understanding exhibited by plaintiff in pursuing this case demonstrates that he can adequately represent himself. Plaintiff was able to successfully state a claim that survived screening, and in both the current and previous motion for counsel, as well as his requests for an expert witness and judicial notice, he presented a legal argument, supported it with allegations and an applicable rule, and cited some case law. ECF Nos. 30, 33, 37, 38. Although plaintiff's motions have not been successful, they demonstrate that he is capable of proceeding without the assistance of counsel.

Id. at 3. Since then, plaintiff has also successfully defended against defendants' motion for summary judgment. See ECF No. 67 (denying motion for summary judgment).

Finally, with respect to plaintiff's request for appointment of counsel to obtain an expert witness, the court does not find that plaintiff has established the need for expert testimony given the claims on which this case proceeds[1] and has previously declined to appoint counsel for that purpose. ECF No. 36. For the reasons outlined above, the court does not find extraordinary circumstances exist to warrant the appointment of counsel and once again declines to appoint

---

[1] Plaintiff has alleged that defendants ignored his statements that he was feeling suicidal, subjected him to excessive force, and refused to treat his injuries after the use of force. ECF No. 1.

2

counsel for the purpose of obtaining an expert witness.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 70) is DENIED.

DATED: April 20, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE