UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dirk Jaong Bouie, Jr.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Oscar Smith, et al.,<br><br>　　　　　　　Defendants. | No. 2:18-cv-02040-KJM-AC<br><br>ORDER |

The case was assigned to a United States Magistrate Judge for all pretrial purposes under this District's Local Rules. *See* E.D. Cal. L.R. 302(c). The discovery stage of the case has now begun. *See* Discovery & Scheduling Order, ECF No. 68. Plaintiff Dirk Jaong Bouie, Jr. asked the Magistrate Judge to appoint an attorney to represent him. *See generally* Mot., ECF No. 70. He made several arguments: he cannot afford an attorney, and his attempts to find an attorney to represent him pro bono have failed; his incarceration makes it difficult to research and investigate the complex legal rules for claims about prison official's obligations to inmates; it will be very challenging for him to obtain evidence by subpoena, deposition, expert opinions about his injuries and care, and then present that evidence at trial; his vision is impaired; he suffers from a mental health condition that requires special treatment. *See id.* at 1–3. He also points out that the Magistrate Judge has evaluated his complaint and found that it includes potentially viable claims, and he cites the defendants' unsuccessful attempt to obtain summary judgment. *See id.* at 2–3.

1

The Magistrate Judge denied Bouie's request to appoint an attorney. *See* MJ Order, ECF No. 71. She found Bouie's arguments about difficulties at trial and subpoenas "premature" because "it has not yet been determined whether this case will go to trial." *Id.* at 2. She found similarly that potential difficulties with experts were not "exceptional circumstances" because Bouie has not demonstrated that expert testimony will be necessary to prove his case. *Id.* The Magistrate Judge also concluded again, as she had in response to a previous motion to appoint counsel, that Bouie's vision and mental health have not prevented him from explaining his claims and litigating them effectively, though not always successfully. *See id.*

Bouie has filed "objections" to the Magistrate Judge's order. ECF No. 72. The court interprets his filing as a late request for reconsideration under Local Rule 303(c). The court permits the late filing on its own motion. District courts may deviate from their local rules if doing so will result in no prejudice, as is true in this instance. *Pro. Programs Grp. v. Dep't of Com.*, 29 F.3d 1349, 1353 (9th Cir. 1994); *United States v. Hempfling*, 431 F. Supp. 2d 1069, 1087 (E.D. Cal. 2006).

A district judge must "modify or set aside any part" of a magistrate judge's pretrial order "that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); E.D. Cal. L.R. 303(f). The Magistrate Judge cited and applied the correct legal standards, and her findings are not clearly erroneous. This court is bound by the Ninth Circuit's holding that an attorney may be appointed to represent a plaintiff in a civil case in only "exceptional circumstances." *See* MJ Order at 1 (quoting *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009)). Whether the circumstances are "exceptional" depends on the likelihood of the plaintiff's ultimate success and the plaintiff's ability to articulate his claims without an attorney in light of the legal issues in the case. *Id.* (quoting *Palmer*, 560 F.3d at 970). The person who asks the court to appoint an attorney is the one who must show the circumstances are exceptional. *Id.* (quoting *Palmer*, 560 F.3d at 970).

One might doubt the wisdom behind this "exceptional circumstances" test. How, for example, could a person without means be expected to show both that he cannot effectively articulate his claims without an attorney and that his claims could likely succeed? *See, e.g.*,

2

*Wilborn v. Escalderon*, 789 F.2d 1328, 1332 n.3 (9th Cir. 1986) (expressing a similar concern). Nor does the "exceptional circumstances" requirement rest on any provision in a federal statute. Congress gave this court authority to appoint an attorney without mentioning "exceptional circumstances." *See* 28 U.S.C. § 1915(e) ("The court may request an attorney to represent any person unable to afford counsel."). But neither this court nor the Magistrate Judge may dispense with the Ninth Circuit's binding decision to require "exceptional circumstances," and the Magistrate Judge did not clearly err by finding none.

The objections at ECF No. 72, construed as a motion to reconsider, are **denied**. This order does not prohibit Bouie from renewing his request to appoint counsel at a later stage of this case, for example if expert discovery is relevant to Bouie's claims. *See* F&Rs at 2 & n.1.

IT IS SO ORDERED.

DATED: June 29, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE