UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRK JAONG BOUIE, JR., | No. 2:18-cv-2040 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| OSCAR SMITH, et al., | |
| Defendants. | |

Plaintiff has filed another motion for the appointment of counsel. ECF No. 78. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

////

1

In his motion, plaintiff requests counsel on the ground he requires expert testimony to prove that the injuries he suffered on his knees were due to being dragged by defendants. ECF No. 78. Because defendants dispute plaintiff's version of events, he argues that expert testimony is necessary to help resolve the credibility issue in his favor. Id. at 3. He provides a copy of a letter from a doctor certified in pathology that opines that plaintiff's injuries could have been caused by being dragged. Id. at 6.

With the exception of the time for filing motions to compel, which was recently extended, discovery in this matter is closed and the parties currently have until September 29, 2023, to file dispositive motions. ECF No. 68 at 6; ECF No. 77. Plaintiff seeks appointment of counsel for the purpose of hiring an expert to bolster the credibility of his version of events. At the summary judgment stage, however, the court does make credibility determinations. Rather, if defendants move for summary judgment the court will draw all inferences supported by the evidence in plaintiff's favor. See Walls v. Cent. Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011). Moreover, in the event this case proceeds past the summary judgment stage—either because no party files a motion for summary judgment or summary judgment is denied—the parties will be given an opportunity to pursue expert discovery at that time. For these reasons, plaintiff's request for counsel is premature and he has not shown the existence of extraordinary circumstances warranting the appointment of counsel and the motion will be denied at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 478) is DENIED without prejudice to renewal at a later stage.

DATED: July 24, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE