1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DIRK JA'ONG BOUIE, JR.,                    No.  2:18-cv-02040-DC-AC (PC)

12              Plaintiff,

13       v.                                       ORDER ADOPTING FINDINGS AND
                                                  RECOMMENDATIONS AND GRANTING
14    OSCAR SMITH, et al.,                        DEFENDANTS' MOTION FOR SUMMARY
                                                  JUDGMENT
15              Defendants.
                                                  (Doc. Nos. 88, 93)
16

17          Plaintiff Dirk Ja'ong Bouie, Jr., is a state prisoner proceeding *pro se* in this civil rights

18    action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge

19    pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On June 18, 2024, the assigned magistrate judge issued findings and recommendations

21    recommending that Defendants' motion for summary judgment (Doc. No. 88) be granted

22    because: (i) Defendants Smith and Rossi's conduct in briefly delaying Plaintiff's access to mental

23    health treatment following an altercation was not harmful to Plaintiff and thus not deliberately

24    indifferent to his serious medical needs; (ii) Defendant Harwood's conduct in not providing

25    Plaintiff treatment or medication does not constitute deliberate indifference to Plaintiff's serious

26    medical needs because the injuries he sustained in the altercation were minor and "did not rise to

27    the level of an objectively serious medical need or present an excessive risk to his health and

28    safety," and just two days after the altercation, a nurse provided Plaintiff with pain medication,

1

ointment, and bandages for his "very minor/superficial abrasions;" (iii) Defendant Smith's brief use of force to subdue Plaintiff during the altercation was reasonable; and (iv) Defendant Rossi did not, therefore, fail to protect Plaintiff from an application of excessive force. (Doc. No. 93 at 23–32.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 33.) After receiving an extension of time in which to do so, on August 29, 2024, Plaintiff filed objections to the pending findings and recommendations. (Doc. No. 96.) On September 13, 2024, Defendants filed a response thereto. (Doc. No. 97.)

In his objections, Plaintiff primarily restates the findings and recommendations and repeats the arguments he had presented in his opposition to Defendants' motion for summary judgment—arguments that were already considered and properly rejected in the pending findings and recommendations. (Doc. No. 96.) For example, in his objections, Plaintiff maintains that his injuries were "major," not minor as Defendant Harwood described in her notes. (*Id.* at 18–19.) But as the magistrate judge explained in the findings and recommendations, Plaintiff does not point to any inaccuracy in Defendant Harwood's description of his injuries ("pain to Plaintiff's right jaw area and abrasions/scratches to the area above Plaintiff's right eye, both wrists, both knees, and behind his left ear") other than his belief that "the injury on his eyebrow should have been marked as a cut rather than as a scratch or abrasion;" though, "he acknowledged that it did not require stitches." (Doc. No. 93 at 16, 25.) Moreover, in his objections, Plaintiff does not address the legal authorities cited in the findings and recommendations to support the proposition that "minor scrapes and cuts that do not require stitches or medicine are not serious medical needs that implicate the constitution." (*Id.* at 26–27) (quoting *Lipsey v. Samniego*, No. 1:17-cv-1703-LJO-JDP, 2019 WL 1431591, at *4; 2019 U.S. Dist. LEXIS 54544, at *9 (E.D. Cal. Mar. 29, 2019)). Further, the court is not persuaded by Plaintiff's argument in his objections that his minor scrapes and cuts should be deemed "major" injuries merely because there is a risk that such cuts could become infected. (*See* Doc. No. 96 at 18–19.) As the magistrate judge correctly noted in addressing this same argument in the findings and recommendations, Plaintiff has not presented

1   any evidence that the two-day delay in receiving ointment and bandages actually resulted in

2   further injury, as is required to prevail on a deliberate indifference claim. (Doc. No. 93 at 27.)

3         Plaintiff's objections to the findings and recommendations as to Defendants Smith and

4   Rossi are similarly unavailing because Plaintiff's arguments have already been thoroughly and

5   correctly addressed by the magistrate judge. In addition, Plaintiff misunderstands the findings and

6   recommendations as concluding that he is barred from asserting that Defendant Smith used

7   excessive force in reaction to Plaintiff's battery of Defendants Smith and Rossi, on the ground

8   that Plaintiff was subsequently convicted in state superior court of two counts of battery based on

9   his conduct during the altercation. (*See* Doc. No. 96 at 12–15.) But that is not what the magistrate

10  judge concluded. Rather, the magistrate judge explained that Plaintiff's excessive force and

11  failure to protect claims are barred "only in so far as they are based on a theory that he did not

12  batter Defendants"—those claims are not barred to the extent they "are premised on a theory that

13  [Defendant] Smith responded to the battery with excessive force and [Defendant] Rossi failed to

14  intervene." (Doc. No. 93 at 23.) The magistrate judge then thoroughly analyzed whether

15  Defendant Smith responded with excessive force and correctly concluded based on the evidence

16  before the court on summary judgment that he had not used excessive force during the altercation.

17  (*Id.* at 27–32.)

18        In sum, Plaintiff's objections simply do not provide a basis upon which to reject the

19  findings and recommendations.

20        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, the

21  court has conducted a *de novo* review of this case. Having carefully reviewed the entire file,

22  including Plaintiff's objections and Defendants' response thereto, the court concludes that the

23  findings and recommendations are supported by the record and proper analysis.

24        Accordingly:

25  1.    The findings and recommendations issued on June 18, 2024 (Doc. No. 93) are

26        adopted in full;

27  2.    Defendants' motion for summary judgment (Doc. No. 88) is granted;

28  3.    To the extent Plaintiff in his objections to the findings and recommendations

concurrently requested reconsideration of certain discovery rulings made by the magistrate judge in the June 18, 2024 order, those requests for reconsideration are denied as moot in light of this order;

4.      Judgment shall be entered in favor of Defendants; and

5.      The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **December 3, 2024**

Dena Coggins
United States District Judge

4